WINDOES v. COLWELL.

1. EXECUTORS AND ADMINISTRATORS—DESCENT AND DISTRIBUTION.
   Upon intestate's death, title to her real estate passed to and vested in her heirs, not to her personal representative (3 Comp. Laws 1915, §§ 11795–11808).

2. SAME—DUTIES OF SPECIAL ADMINISTRATOR STATUTORY.
   It is the duty of special administrator, whose powers are derived from statute (3 Comp. Laws 1915, § 13823), to collect the goods, chattels, and debts of deceased and preserve them for the executor or administrator who may afterwards be appointed, but he may not maintain bill in equity to reach real estate voluntarily conveyed, where no claims have been proved and established against the estate; proper parties to complain, if any, being those upon whom title is cast by death of ancestor.

3. SAME—TITLE TO PERSONALTY OF INTESTATE.
   Upon death of intestate, title to her personal property remains in abeyance until appointment of administrator, and then vests in him in trust as of intestate's death, though equitable title thereto is in heirs.

4. APPEAL AND ERROR—JOINDER OF PROPER PARTIES.
   Suit by special administrator to set aside deed and contract made by intestate, having been tried, will be disposed of on appeal, although he was not proper party in regard to real estate, and joining of proper parties is directed under 3 Comp. Laws 1915, § 12364.

5. DEEDS—MENTAL INCOMPETENCE—UNDUE INFLUENCE.
   In suit by special administrator to set aside deed and contract for support and maintenance of intestate, mental incompetence and undue influence, held, not established by proofs.

6. TRUSTS—CONTRACT FOR CARE AND MAINTENANCE.
   Property conveyed to one contracting to care for and support grantor for the rest of her life is a trust fund to secure the performance of the contract, even though beneficiary refuses without cause to accept its benefits.

7. DEEDS—UNDUE INFLUENCE MAY NOT BE PREDICATED ON OPPOR-
TUNITY ALONE.

Undue influence in making of deed conveying property to one
contracting to care for and support grantor for the rest of
her life may not be predicated on opportunity alone.

Appeal from Montcalm; Hawley (Royal A.), J.
Submitted April 3, 1929. (Docket No. 37, Calendar
No. 34,193.) Decided June 3, 1929.

Bill by Ralph F. Windoes, special administrator
of the estate of Hannah M. Allen, deceased, against
Mabel I. Colwell to set aside a contract and deed
executed by deceased. From a decree for plaintiff,
defendant appealed. Reversed.

*Watt & Colwell,* for plaintiff.

*Eldred & Gemuend* (*Brake & Davis,* of counsel),
for defendant.

POTTER, J. The bill of complaint in this case was
filed by plaintiff as special administrator of the es-
tate of Hannah M. Allen, deceased, to set aside a
deed of real estate and a contract made and executed
by Mrs. Allen in her lifetime (the deed conveying
real estate to Mrs. Colwell and the contract having
been entered into between Mrs. Allen and Mrs. Col-
well), and to enjoin Mrs. Colwell from disposing of
personal property formerly owned by Mrs. Allen,
and for other relief. From a decree for plaintiff,
defendant appeals.

Mrs. Allen, March 26, 1927, when the deed and
contract were executed, was 84 years of age, draw-
ing a widow's pension. She had frequently visited
Mrs. Colwell, who had been her neighbor. On that
date Mrs. Allen made and executed a warranty deed

of the premises involved to Mrs. Colwell and delivered it to Brake and Davis, attorneys at Stanton, to deliver to Mrs. Colwell at Mrs. Allen's death. At the same time Mrs. Allen and Mrs. Colwell entered into a contract in writing by which Mrs. Colwell was to care for, support, and maintain Mrs. Allen in sickness and in health during the remainder of her life; provide a suitable home for her; be kind to her; make her surroundings as pleasant as may be; furnish her medical attendance if she was without funds; and give her proper burial at her death. Mrs. Allen, from her pension, was to clothe herself, use the balance of her pension money for medical attention and spending money, and upon her death her personal property was to go to Mrs. Colwell as part consideration for the contract. Mrs. Allen stayed with Mrs. Colwell after the execution of these papers from March 26, 1927, to the Saturday before Easter, when she went to her home in Gowen. Mrs. Allen continued to remain in her own home until June 24, 1927, when she was stricken with paralysis. One of her neighbors telephoned her niece, Mrs. Burletson of Grand Rapids, and she caused Mrs. Allen to be taken to the Soldiers' Home, where she died September 11, 1927. Plaintiff was appointed special administrator of her estate, and paid Mrs. Allen's funeral expenses out of the money she had at the Soldiers' Home. There is no proof any claims against Mrs. Allen's estate exist, above what may be paid from her personal estate. The bill attacks the deed and contract as having been obtained by fraud and undue influence practiced upon Mrs. Allen at a time when she was mentally incompetent, and as having been made without consideration.

Upon the death of Mrs. Allen the title to her real estate passed to and vested in her heirs. 3 Comp.

Laws 1915, §§ 11795–11808. *Marvin* v. *Bowlby*, 142
Mich. 245 (4 L. R. A. [N. S.] 189, 113 Am. St. Rep.
574, 7 Ann. Cas. 559). It did not pass to her per-
sonal representative. The powers of a special ad-
ministrator are derived from statute. It is his duty
to collect the goods, chattels, and debts of the de-
ceased and preserve them for the executor or ad-
ministrator who may afterwards be appointed.
3 Comp. Laws 1915, § 13823.

No claims having been proved and established
against the estate, a bill in equity cannot be main-
tained by the special administrator to reach real
estate voluntarily conveyed. *Marvin* v. *Bowlby,
supra.* The proper parties to complain, if any, are
those upon whom title is cast by the death of the
ancestor. No such party is before the court.

The bill seeks to restrain defendant from dispos-
ing of personal property covered by the contract
sought to be set aside. Upon the death of an intes-
tate, the title to personal property remains in abey-
ance until the appointment of an administrator, and
then vests in him in trust as of the intestate's death,
though the equitable title thereto is in the heirs.
*Parks* v. *Norris*, 101 Mich. 71; *Foote* v. *Foote*, 61
Mich. 181; *Powell* v. *Pennock*, 181 Mich. 588. Every
action must be prosecuted by the real party in inter-
est. 3 Comp. Laws 1915, § 12353. No action in
equity shall be defeated by the nonjoinder or mis-
joinder of parties, but new parties may be added
and parties misjoined may be dropped by order of
the court at any stage of the cause as the ends of
justice may require. 3 Comp. Laws 1915, § 12364.
This case having been tried will be disposed of, and
this court will direct joining the proper parties.
*Gillen* v. *Wakefield State Bank*, 246 Mich. 158. It
does not appear that Mrs. Allen, at the time the deed

and contract were executed, was either mentally incompetent or subject to undue influence. The contract involved personal association, care, and support, and such contracts are a fruitful source of dissatisfaction and litigation. In all such cases the property is a trust fund to secure the carrying out and performance of the contract, even though the vendor of the property, the beneficiary of the contract, has refused without cause to accept its benefits. *Cornell* v. *Whitney*, 132 Mich. 300. If the proof established that Mrs. Allen left the home of Mrs. Colwell by reason of the fault of defendant or her failure to perform the contract, the contract should be set aside. 18 C. J. p. 380 and cases cited.

In this case Mrs. Allen had, before the execution of the deed and contract, frequently visited defendant in Gowen, in Lansing, and on the farm where she was living when the deed and contract were made. Mrs. Allen suggested the arrangement. She discussed intelligently its terms with the attorney who prepared it. After the papers were executed the proof is undisputed that Mrs. Allen wanted to go back to Gowen to straighten out her home. She left her receipt for the deed signed by the attorney with Mrs. Colwell for safe-keeping. Mrs. Colwell went with her to her home and stayed there with her a week and then went back to her own home. There is no proof of any dissatisfaction or trouble. Mrs. Allen made no effort to recall the deed or contract which she had made and executed. Complaint is made that Mrs. Allen was sent to the Soldiers' Home, but she was sent there at the suggestion of Mrs. Burletson, the only party, so far as this record shows, interested in the real estate, and without the knowledge of defendant. She was permitted to remain there, and probably had as good care in the

institutional hospital as she would have had else-where.

There is no one with whom Mrs. Allen is shown to have been on more friendly terms than defendant, or whom she visited more often. No fiduciary relation existed between Mrs. Allen and the defendant prior to the execution of the deed and contract. The trial court found Mrs. Allen mentally competent. There is no proof of undue influence, which cannot be predicated upon opportunity alone. The deed purports to have been made upon a valuable consideration. The real consideration was the contract in writing between the parties to the deed.

The defendant, Mrs. Colwell, took care of Mrs. Allen as long as she desired to stay with her in her home. When Mrs. Allen was stricken Mrs. Colwell was not notified by the neighbors, but Mrs. Burletson was notified. There is proof that Mrs. Allen did not want Mrs. Burletson to have her property; and no proof Mrs. Burletson cared for, supported, or maintained Mrs. Allen. Mrs. Allen had a right to dispose of her property as she saw fit. Under such circumstances, we can see no reason to set aside the transaction, and the decree of the trial court will be reversed, and the bill of complaint dismissed, but without costs.

NORTH, C. J., and FEAD, FELLOWS, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred.