MAYOR OF CITY OF DEARBORN *v.* DEARBORN RETIRE-
MENT BOARD OF TRUSTEES.

1. ACTION—DECLARATION OF RIGHTS—MOTION TO DISMISS—HEARING
—ISSUES PRESENTED.

On mayor's bill for declaration of rights wherein defendant
board of trustees of retirement system filed both an answer
and a motion to dismiss, the trial court properly declined to
pass upon the merits of the controversy on the hearing of the
motion to dismiss (3 Comp. Laws 1929, § 13903 *et seq.*).

2. APPEAL AND ERROR—QUESTIONS REVIEWABLE.

Matters not presented to, nor considered by, the trial court, are
not considered on appeal.

3. SAME—DECLARATION OF RIGHTS—MOTION TO DISMISS—PLEADING.

On appeal from an order granting a motion to dismiss, well-
pleaded material allegations in the bill for declaration of
rights must be taken as true (3 Comp. Laws 1929, § 13903
*et seq.*).

4. ACTION—DECLARATION OF RIGHTS—MUNICIPAL CORPORATION—
MAYOR AS PARTY.

Where city council included item in budget for defendant board
of trustees of retirement system which was vetoed by plain-
tiff mayor upon advice of corporation counsel as to illegality
thereof, veto was overridden, and a like experience was had
for following year, there was an issuable controversy as to the
legality of such item, and the mayor was a proper party, in
his official capacity, to seek judicial determination of contro-
versy by way of declaration of rights (3 Comp. Laws 1929,
§ 13903 *et seq.*).

5. SAME—DECLARATION OF RIGHTS—MUNICIPAL CORPORATIONS—AN-
NUAL BUDGET—PARTIES.

Where city charter required mayor to prepare, approve and
administer annual budget and he disapproved of an item
therein for board of trustees of the retirement system re-

specting date for beginning prior-service credit for retirement purposes and status of female city employees who may be excluded from civil service and retirement benefits because of marriage, he was a proper party to seek judicial determination of the legality of the inclusion of such item by city council which overrode his veto thereof by way of a bill for declaration of rights (3 Comp. Laws 1929, § 13903 *et seq.*; Dearborn Charter, §§ 8.3, 13.7).

6. Officers—Capacity to Sue.

All public officers, though not expressly authorized by statute, have a capacity to sue commensurate with their public trusts and duties.

7. Municipal Corporations—Council—Charters—Ordinances.

A city council cannot change charter provisions by an ordinance.

8. Same—Charter—Ordinances.

Since the charter of a city is the fundamental law thereof, all ordinances which are in conflict therewith, or violative of its mandates, are null and void, upon the same principle that a statute which contravenes the Constitution must fail.

9. Parties—Declaration of Rights—Addition of Members of Class.

Dismissal of bill for declaration of rights, filed by mayor against board of trustees of retirement system, because no representatives of a class of city employees had been made a party defendant notwithstanding they would be affected by the outcome of the suit, was error in view of statute as to nonjoinder of parties and permitting addition of new parties, even in the Supreme Court, hence motion for rehearing and leave to amend by adding new parties defendant from such class should have been granted (3 Comp. Laws 1929, § 13903 *et seq.*; § 14021; Court Rule No. 16, § 1 [1945]).

10. Same—Addition by Supreme Court.

The Supreme Court may allow new parties to be added to a suit as the ends of justice may require (3 Comp. Laws 1929, § 14021; Court Rule No. 72, § 1 [1945]).

11. Same—Class Suit—Declaration of Rights.

Members of a class of city employees whose interests would be affected by outcome of proceeding for declaration of rights by mayor against board of trustees of retirement system should be afforded an opportunity to appear, be represented, answer,

and be heard on the merits of the controversy but such participation may be effected by adding parties to the suit from such class (3 Comp. Laws 1929, § 13903 *et seq.*; § 14021; Court Rules Nos. 16, § 1; 72, § 1 [1945]).

12. EQUITY—DECLARATION OF RIGHTS—ADEQUACY OF REMEDY AT LAW —MULTIPLICITY OF SUITS.

Where proceeding for declaration of rights, brought by mayor against board of trustees of retirement system and to which civil service employees as a class are now permitted to be represented as parties thereto, a multiplicity of suits is avoided, hence bill was improperly dismissed on motion because of adequacy of remedy at law (3 Comp. Laws 1929, § 13903 *et seq.*; § 14021; Court Rule No. 16, § 1 [1945]).

13. SAME—LACHES—PREJUDICE.

Where money for item for defendant board of trustees of retirement system for a preceding fiscal year, passed over mayor's veto, is still on hand, defendant was not prejudiced by fact that mayor attacked validity of such item by bill for declaration of rights filed after inclusion of a similar item for subsequent fiscal year by overriding his veto thereof, hence bill should not have been dismissed for laches (3 Comp. Laws 1929, § 13903 *et seq.*).

14. COSTS—PUBLIC QUESTION—DECLARATION OF RIGHTS—OFFICERS— MUNICIPAL CORPORATIONS—CIVIL SERVICE—RETIREMENT SYSTEM.

No costs are allowed upon reversal of order dismissing bill for declaration of rights under ordinance establishing retirement system for civil service employees of city where plaintiff is mayor and defendant is the board of trustees of the retirement system, since both parties are acting in their official capacity and a matter of public interest is involved (3 Comp. Laws 1929, § 13903 *et seq.*; Dearborn Ordinance No. 210).

Appeal from Wayne; Richter (Theodore J.), J. Submitted April 4, 1946. (Docket No. 42, Calendar No. 43,344.) Decided June 3, 1946.

Bill by Orville L. Hubbard, Mayor of the City of Dearborn, against Board of Trustees of the Retirement System created by the provisions of ordinance No. 210 of the City of Dearborn for decree declaring that certain item included in budget for defendant

was illegal and for an injunction. Bill dismissed on motion. Plaintiff appeals. Reversed and remanded for further proceedings.

*Dale H. Fillmore,* Corporation Counsel, and *J. K. Underwood,* Deputy Corporation Counsel (*Lionel R. Hampton,* Assistant Corporation Counsel, of counsel), for plaintiff.

*John J. Fish,* for defendant.

BOYLES, J.    This is an appeal from an order entered by the circuit court for Wayne county in chancery dismissing the bill of complaint on motion of the defendant. The circumstances are not in dispute.

Plaintiff is the mayor of the city of Dearborn. Defendant is the board of trustees of the retirement system for city employees under the provisions of ordinance No. 210 of said city. On November 30, 1945, plaintiff, as mayor, filed a bill of complaint in said circuit court for a declaration of rights, under Act No. 36, Pub. Acts 1929 (3 Comp. Laws 1929, § 13903 *et seq.* [Stat. Ann. § 27.501 *et seq.*]). The bill of complaint alleges, in substance, that in preparing the budget of said city for the fiscal year 1944–1945, the city council on the certificate of the defendant board placed an item therein for $130,208 for the general employees' retirement system created by ordinance No. 210 of said city; that plaintiff requested an opinion from the corporation counsel as to the legality of such proposed appropriation and in response to such request received an opinion that approximately $20,000 of said appropriation was illegally included in the budget; that thereupon plaintiff, as mayor, vetoed that portion of the appropriation considered by the corporation

counsel to be illegal; that the common council reconsidered the matter, overrode the veto and readopted the alleged illegal item. The bill further alleges that the defendant board of trustees again included a similar illegal item in connection with the budget of the city for the fiscal year 1945–1946; that plaintiff, as mayor, again vetoed said item; the city council again overrode the veto and included said item in the budget for that fiscal year; that tax moneys are being collected and paid over to the defendant board of trustees in accordance with said illegal budget; that if the illegal basis on which the said money is being appropriated is continued by the defendant board, in about 18 years the city will be obligated to pay into said fund approximately $370,832 more than it should legally pay. Plaintiff, as the mayor of said city, filed this bill of complaint seeking a declaratory decree as to the construction of said ordinance No. 210, the legality of the resolutions passed by the defendant board of trustees, and the legality of said appropriation under the charter and ordinance No. 210 of said city.

The defendant filed an answer, and at the same time filed a motion to dismiss the bill of complaint on several grounds which will be discussed herein. The circuit judge on hearing the motion granted the same and dismissed the bill of complaint. From the order entered thereon plaintiff appeals.

The circuit judge did not hear the case on the merits, nor did the court attempt to decide the issues on which the bill of complaint was filed. The court very properly declined to pass upon the merits of the controversy, on the hearing of the motion to dismiss. The real issues in the case, as to the construction of ordinance No. 210 and the legality of the budget item in dispute, were not presented to, or considered by, the trial court, consequently will not be con-

sidered on this appeal. *Fowler* v. *McQuigg,* 222 Mich. 178; *Plas* v. *Aldrich,* 238 Mich. 343. Under the circumstances this court does not pass upon the merits of the controversy. *First National Bank of Detroit* v. *E. T. Barnum Wire & Iron Works,* 58 Mich. 315; *Gregor* v. *Olde,* 209 Mich. 43. The question before us for decision on this appeal is whether the court erred in dismissing the bill of complaint. On appeal from an order granting a motion to dismiss, well-pleaded material allegations in the bill of complaint must be taken as true. *Goodfellow* v. *Detroit Civil Service Commission,* 312 Mich. 226.

The first ground relied upon by the trial court for dismissal of the bill of complaint and which is urged here by defendant is that the declaratory judgment act is not applicable to this proceeding. As to that, we conclude that an actual controversy exists, to which the plaintiff, as mayor of the city, is a proper party. In this case the issuable controversy arises as to the legality of the action taken by the defendant board of trustees in deciding to set January 9, 1929, as the date for beginning prior-service credit for retirement purposes, instead of November 18, 1935, the date fixed by the corporation counsel in his opinion. A further issue is involved as to the status of female employees of the city who may be excluded from civil service and the retirement benefits because of marriage. The answer to this controversy will determine whether the veto action taken by the mayor was proper, and whether approximately $20,000 in excess of the amount which was decided as legal by the mayor and corporation counsel should be put in the budget and assessed against the taxpayers. We find that an actual controversy exists, within the provisions of the declaratory judgment act. Section 13.7 of the city charter provides that the annual budget shall be transmitted

to the mayor of the city for his approval or rejection, and that he may approve or veto any part or item thereof. Section 8.3 of the charter, among other things, places on the mayor the power and duty to prepare and administer the annual budget. Plaintiff herein, as mayor of the city of Dearborn and its administrative head, according to the city charter, was a proper party, in his official capacity as mayor, to seek a judicial determination of the controversy.

"The rule is general that all public officers, though not expressly authorized by statute, have a capacity to sue commensurate with their public trusts and duties." *Berrien County Treasurer* v. *Bunbury*, 45 Mich. 79, 84.

"Aside from these statutory provisions it is the general rule that public officers need not be expressly authorized by statute to bring suit, but that their capacity to sue is commensurate with their public trusts and duties." *Auditor General* v. *Lake George & Muskegon River R. Co.*, 82 Mich. 426, 429.

There is no merit in defendant's claim that sole consideration as to the disputed budget requirements rests with the city council because said ordinance No. 210 does not give to the mayor any control over the defendant's budget requirements. The mayor's powers and duties are prescribed by the city charter, and the city council cannot by ordinance change charter provisions.

" 'The charter of the city * * * is the fundamental law thereof, and all ordinances of the city which are in conflict therewith, or violative of its mandates, are null and void, upon the same principle that a statute which contravenes the Constitution must fall.' *Asphalt & Granitoid Construction Co.* v. *Hauessler*, 201 Mo. 400, 407 (100 S. W. 14).

"See, also, *Slaughter* v. *People,* 2 Doug. (Mich.) 334; *People* v. *Armstrong,* 73 Mich. 288 (2 L. R. A. 721, 16 Am. St. Rep. 578); *L. A. Thompson Scenic R. Co.* v. *McCabe,* 211 Mich. 133." *Quandt* v. *Schwass,* 286 Mich. 433, 439.

We conclude that the declaratory judgment act is applicable to the situation and that plaintiff is a proper party to file the bill of complaint, in his official capacity.

The second ground for dismissal of the bill of complaint relied on by the trial court and urged by defendant here is that proper parties defendant were not before the court, and that any decree, if entered, would not be *res judicata* as to them. There were certain employees of the city whose employment began before November 18, 1935, at which time the civil service amendment to the city charter would begin to apply to them according to the opinion of the corporation counsel. These employees were not in court as parties, either directly or represented as a class, and the decree sought by plaintiff would affect their interests. Within 20 days after entry of the order here appealed from dismissing the bill of complaint counsel for plaintiff filed a motion for rehearing, and for leave to amend the bill of complaint by adding five certain persons, among the aforesaid employees, naming them, as parties defendant and as representative of the group mentioned in the bill of complaint whose rights might be affected thereby. Court Rule No. 16, § 1 (1945). On hearing, this motion to amend, for rehearing, and to add parties defendant was denied. It should have been granted.

"No action at law or in equity shall be defeated by the nonjoinder or misjoinder of parties. New parties may be added and parties misjoined may be

dropped, by order of the court, at any stage of the cause, as the ends of justice may require." 3 Comp. Laws 1929, § 14021 (Stat. Ann. § 27.665).

This court may allow new parties to be added. Court Rule No. 72, § 1 (1945). Such joinder has, on occasion, been ordered by this court. *Windoes* v. *Colwell*, 247 Mich. 372, 375; *Haylor* v. *Grigg-Hanna Lumber & Box Co.*, 287 Mich. 127, 136; *De-Long* v. *Marston*, 308 Mich. 63, 69. These parties should be afforded an opportunity to appear, be represented, answer, and be heard on the merits of this controversy. To this extent we agree with the statement of the trial court:

"He (plaintiff) also seeks an adjudication of the rights of the members of the retirement system without making any of them a party. All interested parties should be before the court, and persons whose rights would be affected are entitled to be heard."

The bill of complaint should not be dismissed for lack of proper parties defendant. They should be added.

The final grounds for dismissing the bill of complaint, relied upon by defendant, are that the plaintiff, as mayor, (1) has an adequate remedy at law (by certiorari or mandamus), and (2) is barred by laches from maintaining the instant suit. A mandamus proceeding against this defendant board of trustees, or against the common council, without the civil service employees of the city being joined as parties, might not be *res judicata* as to their rights, the same as the instant case would not be *res judicata* as to them without their having been made parties— the same ground here urged by the defendant against the present bill of complaint. The instant proceeding avoids the prospects of a multiplicity of suits. As to laches, defendant is not in a position

to complain inasmuch as any tax money collected on the 1944-1945 budget, appropriated to defendant's retirement fund, is still on hand and defendant is not in a position to claim it has been prejudiced by the delay. *Kutschinski* v. *Zank*, 307 Mich. 260, 271.

The order dismissing the bill of complaint and the order denying leave to amend are set aside and the case remanded for further proceedings in accordance herewith. No costs awarded, inasmuch as both parties are acting in their official capacity and a matter of public interest to the city is involved.

Butzel, C. J., and Carr, Sharpe, Reid, North, and Starr, JJ., concurred. Bushnell, J., took no part in the decision of this case.