## The People ex. rel. Marinus Amperse v. The Circuit Judge for the County of Wayne.

*Mandamus.* This court will not issue a writ of mandamus to direct the Circuit Judge to make an order, when that order is not necessary to perfect the right of the party applying for it.

*Double Costs under Comp. L.,* § 3736, are vested in the plaintiff by the judgment, and no special order or finding of the court is necessary to entitle him to have them taxed.

*Practice.* Where the practice in relation to the subject of the petition had been unsettled, it will be denied without costs.

*Heard November 11th. Decided November 11th.*

Petition for mandamus.

The relator presented his petition, setting forth that he had brought an action of trespass on the case before a Justice of the Peace against Augustus D. Burdeno and Louis Burdeno; that, notice under the statute being given to the Justice, that the title to land would come in question on the trial of said cause, the Justice duly certified the case to the Circuit Court. On the trial in the latter Court the plaintiff, the said relator, recovered a judgment against the defendants in the usual form, no entry or minute being made by the Circuit Judge that the plaintiff was entitled to double costs.

14 MICH.—E.

. The plaintiff, through his attorneys, applied to the clerk, as taxing officer, for the allowance of double costs, according to the provisions of § 3736 of the Compiled Laws, which he refused. Application was thereupon made to the Circuit Judge to cause an entry to be made in the minutes of the Court, specifying that the facts appeared in said case entitling the plaintiff to double costs, as provided in § 5636 of the Compiled Laws. This application was denied. And the plaintiff, therefore, filed this petition for a mandamus directing the Circuit Judge to cause such entry to be made in the minutes of the Circuit Court.

*Ward & Palmer* for relator.

*Gray & Larned* for respondent.

BY THE COURT.

By virtue of § 3736 of the Comp. Laws, the plaintiff was entitled to double costs. No fact was required to appear on the trial, to be certified on the minutes of the Court, in order to perfect his right. The correct practice would have been to appeal from the decision of the taxing officer, and then bring the decision of the Circuit Court, if adverse, into this Court by writ of error.

The mandamus, being asked for, to direct the Circuit Judge to do an act not necessary to be done, must be denied; but, as the practice in this matter has been unsettled, the denial of the writ is without costs.