## The People on the relation of Dennis P. McCarthy and others v. The Judge of Monroe Circuit.

*Mandamus: Review of motion: Record.* Upon an application for *mandamus* to require a circuit judge to grant a motion made upon a showing of facts before him and which upon the showing he denied, the case must be heard on the facts disclosed on the hearing of the motion in the circuit, and not on new facts first brought into the case on this application.

*Mandamus: Record: Facts on which action was taken: Legal rights.* Where on an application for *mandamus* complaint is made of the action of the circuit judge in refusing to grant relators' motion for a resale upon execution, the proceeding being a proper one to be considered upon evidence and to be determined according to the requirements of the facts established, unless the case made on the motion before the circuit judge was such as to give relators a plain legal right to the order of resale, *mandamus* will not be awarded.

*Mandamus: Record: Facts established below.* And where the record on the application for *mandamus* does not disclose what the showing was on the motion in the circuit, the court cannot say relators were entitled to any different order on their motion than that which was made, and will not grant *mandamus* to compel the circuit judge to reverse his action.

*Heard April 10.    Decided April 17.*

Application for *mandamus.*

*Brennan & Donnelly,* for relators.

*Ashley Pond,* for respondent.

GRAVES, J:

December 14, 1875, relators recovered judgment in the circuit court for the county of Monroe against one Hood for

three hundred and sixty-three dollars damages, and twenty-one dollars and ten cents costs.

December 20th an execution was issued on the judgment to the sheriff of Monroe county, and on the 27th of the same month levied on Hood's interest in certain real estate, and a certificate of the levy was duly made and filed the same day in the office of the register of deeds of the county. The property was thereupon regularly advertised to be sold under the levy on the 29th of April, 1876, but the sale was adjourned to the 3d day of May, A. D. 1876. The property, represented as worth fifteen hundred dollars over and above incumbrances, was sold to one Gilmore for forty dollars.

May 9, 1876, relators moved in the circuit court to set aside said sale on the ground of inadequacy of price, mistake and fraud, and on the 20th of June thereafter the court granted said motion. No order for reselling was made.

July 24, 1876, relators moved for a special order of sale upon the levy, and the court, after hearing, denied the motion.

Relators now ask that a *mandamus* may be awarded to require the circuit judge to vacate the order denying the motion for a resale, and further requiring him to make an order for the sale of said real estate under the levy.

The return made to the order to show cause against the award of *mandamus* states that on the hearing of the motion to set aside the sale it appeared and was conceded that subsequent to the sale, namely, on the 6th of May, 1876, the premises in question had been sold under an execution upon a judgment in favor of Edson, Moore & Co., and had been purchased on their behalf; and the return further states that at such hearing no evidence, by affidavit or otherwise, was produced or offered to show to respondent's satisfaction that when Edson, Moore & Co. purchased they knew or had any reason to suspect that there had been any mistake, misapprehension or irregularity in or about the sale under relators' execution, or in the purchaser of the premises, or that Edson, Moore & Co. had not so purchased in good

faith, relying upon their right to redeem from the prior sale made under relators' execution; that respondent informed the relators' counsel that if they so wished he would set aside the sale on relators' execution, but upon the evidence before him he could not set aside the sale on the later execution, or grant an order for a resale on relators' levy, and that relators' counsel thereupon expressed their willingness to have said sale on relators' execution set aside, and that the same was done accordingly.

That on the later motion for an order for resale no further evidence was introduced or offered than had been made at the hearing to set aside the sale, and that the motion was refused for the same reason which had caused the denial of resale at the first hearing.

Now, the object of the present application is not to require the circuit judge to consider and decide upon ordering a new sale.

The relators had a hearing upon the question and the judge decided against them, and it is now urged that he was wrong in his decision and that upon the facts the relators were entitled as matter of law to the order they sought, and that the judge should be required to reverse his decision and make the order which the relators moved for before him.

The application for *mandamus* cannot rest upon original explanations made here in regard to the circumstances going to favor the granting of an order of resale or otherwise, but it must depend upon the case which was made before the circuit judge.

The proceeding was a proper one to be considered upon evidence and to be settled and disposed of according to the requirements of the facts established.

Unless there was a plain legal right on behalf of relators to the order, it was not the duty of the judge to grant it, and it would not be proper to award *mandamus* to require him to change his ruling and allow the order. And how this was, depended upon the showing which was made before him. If the case was not sufficient, then there was no

McCarthy v. Judge of Monroe Circuit.

legal right in relators to the resale, and no presumption can be indulged that the facts presented to the judge required him to reach a decision contrary to the one made.

Without seeing the case made before him, therefore, it is not apparent that a legal right was shown to the relief demanded.

Now, the record fails to give us information on this subject, and leaves us in the dark in regard to the state of facts which existed before the circuit judge, and hence we cannot say the relators were entitled to any different order from that which was made.

In this state of things it is not expedient to discuss several interesting points made in argument, concerning the effect of the two levies and the proceedings under them, and the abstract power and duty of the court.

The writ must be denied, with costs.

The other Justices concurred.