CORNELIUS CRONIN v. BOARD OF SUPERVISORS OF KALKASKA COUNTY.

*Mandamus—Documentary evidence.*

1. A relator or respondent who relies on official records to establish his right must produce such records or certified copies thereof with his petition or answer; it is not enough to refer to the originals.

2. Costs of the motion were allowed respondent where relator had leave to withdraw his petition in order to attach to it the record evidence on which his claim was based.

Mandamus.   Submitted Nov. 10.   Denied Nov. 12.

*Boyd & Totten* for relator.

*Perkins & Ellis* for respondent.

MORSE, C. J.   Relator claims that as sheriff of Kalkaska county he had lawfully under his charge and confined as a prisoner in the common jail of said county one Benjamin Irving from May 26th, 1884, to and including September 3d, 1884 ; that by resolution of the board of supervisors he was entitled to one dollar per day for this time.   He also sets up in his petition that the board of supervisors rejected his claim for board and care of said Irving arbitrarily, and without any investigation whatever, refusing to examine relator as to his claim, or to assign any reason why it was rejected.   The respondent answered, admitting that the sheriff was entitled to one dollar per day for the board and care of all prisoners

legally detained in the county jail, and that the supervisors
rejected his claim for the board and care of said Irving; but
denied that said Irving was confined in said jail on the charge
of attempting to commit rape, as the relator averred in his
petition, for any of the time stated by relator, and further
answered that said Irving was, on the 20th day of May, 1884,
upon his plea of guilty in the circuit court for said county,
sentenced to the Reform School at Lansing, and on the 22d
day of May, 1884, the warrant of commitment was issued
and delivered to relator to execute.   This answer referred to
the records and files of said circuit court in support of its
statements, but did not exhibit said records or certified copies
thereof to this Court.   There lator filed a replication to such
answer, and avers therein that for the time claimed he held
said Irving by order of the circuit court for said county, but
fails to state therein whether such order was in writing, nor
does he set out the terms of the same.   The parties express a
desire for an issue of fact to be settled and sent down to the
circuit court for trial, but in our opinion the case as it now
stands is not in a proper condition for such an order.

The only point in issue seems to be : " Did the relator law-
fully hold the said Irving in the county jail of Kalkaska
county for the time claimed, or under such order of the cir-
cuit court as would entitle him to charge the county for his
board and care ? "   In applications of this kind all record
evidence relied upon by either relator or respondent should
be brought before the Court as exhibits in the shape of certi-
fied copies, or authenticated in some way, rather than in bare
recitals of its existence, with a mere reference thereto.   The
bearing and effect of records or other written instruments upon
the point or points in issue is generally to be determined by
the court instead of a jury.   If the documentary evidence dis-
closed by the pleadings in this case were here, in all probabil-
ity there would be no necessity of settling any issue to be
determined elsewhere.   The relator is at fault for not clearly
setting forth in his petition the authority under which he
detained Irving in jail as a prisoner, and in not attaching and
bringing up with the same a copy of the order of the court,

if there is any record of such order, as there should be. If he had done so, we could have determined whether he was entitled to his writ. But as we wish to do no injustice to relator if he has a valid claim against respondent, he is given leave to withdraw his application and to move the court anew, if he so desires, setting forth with particularity and precision the facts and circumstances of the rejection of his claim by respondent, and of the detaining and keeping of said Irving in jail, for what cause and by what authority, with authenticated copies of all record or documentary evidence upon which he relies to sustain his application.

The respondent is entitled to the costs of this motion.

The other Justices concurred.