## CLUTE v. IONIA CIRCUIT JUDGE.

1. CRIMINAL EXAMINATION—SUFFICIENCY.

An examination on a complaint and warrant charging the larceny of a stick pin only is not a sufficient basis for an information charging the larceny of a stick pin and a sum of money.

2. MANDAMUS—DISCRETION—QUASHING INFORMATION.

Where an information for larceny is quashed after trial and disagreement of the jury, mandamus to compel the judge to set aside the order of quashal will not be granted unless there is a showing that a different result would be reached on retrial.

Mandamus by William K. Clute, acting prosecuting attorney of Ionia county, to compel Frank D. M. Davis, circuit judge of Ionia county, to vacate an order quashing an information. Submitted February 27, 1905. (Calendar No. 20,972.) Writ denied March 14, 1905.

*William K. Clute*, in pro. per.
*James Scully*, for respondent.

MOORE, C. J. In May, 1904, a complaint was made before a justice of the peace, charging one Malone with larceny from the person of one McElroy of one gold stick

pin, of the value of $75. A warrant was issued, in which the offense charged followed the statement made in the complaint. Malone was arrested and taken before the justice of the peace, and an examination was held, the result of which was that the justice of the peace held Malone for trial to the circuit court for the offense alleged in the complaint and warrant. In September an information was filed against Malone in the circuit court, in which the offense was stated as follows:

"That he did take, May 25, 1904, at the city of Ionia, one gold stick pin of the value of $75 and $6 in money of the United States of America, of the goods, chattels, and money of one James C. McElroy, from the person of said James C. McElroy, and then and there did feloniously steal, take, and carry away."

When arraigned, and before having counsel, Malone pleaded not guilty. After he procured counsel, leave was given him to withdraw his plea of not guilty and file a motion to quash the information, for the reason that the respondent was not charged in the complaint and warrant and was not held to trial by the examining magistrate for stealing $6, but was charged with the offense of stealing a stick pin of the value of $75. This motion was overruled, and, Malone standing mute, the court entered a plea of not guilty. Thereupon a trial was had, and in his return to the motion made in this case the trial judge states that no evidence was produced on said trial that Malone had stolen a stick pin or $6 in money as charged, and the court directed a verdict of not guilty on the charge of stealing the stick pin, and submitted the charge to the jury of whether he had attempted to steal from the person of James C. McElroy $6, and that the jury disagreed.

At the February term it was conceded by the prosecuting attorney that Malone could not again be put on trial for the larceny of the stick pin, but claimed he might be tried for the attempt to steal $6 in money from McElroy, and that this trial might proceed under the original information. A motion was made that the circuit judge quash

the information, for the reason that the charge of stealing $6 is a separate and distinct offense from the charge of stealing a stick pin, and because the examining magistrate did not find there was probable cause to find Malone guilty of the crime of stealing $6. This motion to quash was granted, and the prosecuting attorney asks here for the writ of mandamus to compel the circuit judge to set aside this order, and to proceed with the trial of Malone for the offense of attempting to steal $6 from the person of McElroy.

In his return to the writ, the trial judge, in addition to what we have already stated, returned that he quashed the information for the reason that the charge of stealing $6, as set forth in said information, is a separate and distinct offense from the charge of stealing a stick pin as set forth in the complaint and warrant and the return of the examining magistrate, and that the said magistrate did not find or return that there was probable cause to believe said accused person to have been guilty of the crime of stealing $6, and that said Bert Malone cannot be put on trial in the circuit court for a separate and distinct offense from that set forth in the complaint and warrant and return made by the examining magistrate.

Upon the examination of the complaining witness in the court below, he gave testimony tending to show that in the morning, when he dressed himself, he put the stick pin into his necktie, and when he returned to the hotel the latter part of the afternoon it was gone. His testimony also showed that he spent a good share of the afternoon in saloons, drinking, and that Malone was with him, and showed circumstances which, taken in connection with his testimony, might tend to show Malone took the stick pin.

In addition to that, he gave testimony tending to show that Malone stole from him $6, and it is insisted by the prosecuting attorney that, though he was not charged with the offense of stealing the $6, inasmuch as there is testimony given upon the examination tending to show he had done so, he might be charged with that of-

fense in the information; citing *Annis* v. *People*, 13 Mich. 511, and quite a number of other cases. An examination of these cases convinces us that none of them go so far as is contended here. Mr. Malone was not charged with the larceny of $6, but was charged with the larceny of a stick pin of the value of $75, and it is with reference to that offense that the examination was conducted.

The respondent was not called upon in the court below to meet any other charge. The examining magistrate did not undertake to inquire into any other charge. He did not find that any other offense had been committed, nor that there was probable cause to believe that Malone was guilty of the offense of stealing $6 from the person of Mr. McElroy, but did find there was probable cause to believe he stole from his person the stick pin. If any defense had been interposed as to the larceny of $6 in the justice's court, it is quite possible that the examining magistrate might have found the offense was not proven; but no offense of that sort was charged, and it was not the subject of inquiry, except incidentally. We think the court was right in saying, as he did, that respondent could not be convicted of an offense with which he was not charged in the court below, and in relation to which no inquiry was entered upon by the examining magistrate. See *People* v. *Jones*, 24 Mich. 215; *Yaner* v. *People*, 34 Mich. 286; *People* v. *Evans*, 72 Mich. 387.

There is another reason why we should not set aside the order of the circuit judge. The writ of mandamus is a discretionary writ. The return of the circuit judge shows that the evidence produced on said trial did not show that Malone had stolen $6 in money, as charged in the information, and, as to whether he had attempted to steal it or not, the jury were unable to agree. It is not made to appear in the petition that any different result would be reached if the order to quash the information was set aside, and another trial had.

The application for the writ of mandamus is denied.

CARPENTER, McALVAY, GRANT, and BLAIR, JJ., concurred.