### TAYLOR v. ISABELLA CIRCUIT JUDGE.

1. MANDAMUS—DISCRETIONARY WRIT.

The writ of mandamus being a discretionary one, its issuance should not be directed unless there is a clear legal duty upon the part of defendant, and a clear legal right in plaintiff to the discharge of that duty.

2. STATUTES—CONSTRUCTION.

It is a well recognized rule of statutory construction that effect should be given to all parts of the act if possible.

3. INTOXICATING LIQUORS—CRIMINAL LAW — ACQUITTAL — RETURN OF LIQUOR SEIZED—STATUTES.

Where plaintiff was acquitted of a charge of illegal sale of liquor, in violation of the provisions of Act No. 338, Pub. Acts 1917, and no new complaint was made against him, he was entitled, under section 29 of said act, to the return of liquors which he had bought when he had a lawful right so to do, which had been seized under a legal search warrant.

209—Mich.—7.

4. MANDAMUS—RETURN OF LIQUOR SEIZED AFTER ACQUITTAL.
    Mandamus will issue to compel the return of liquor seized
        under legal search warrant where the lawful owner has
        been acquitted of the charge of illegal sale thereof, and
        petition for return of same has been denied.

Mandamus by P. Corey Taylor to compel Ray Hart, circuit judge of Isabella county, to vacate an order denying a petition for the return of certain intoxicating liquor. Submitted January 20, 1920. (Calendar No. 28,960.) Writ granted February 27, 1920.

*F. H. Dusenbury, F. McNamara,* and *H. A. Sanford,* for plaintiff.

*Alex. J. Groesbeck,* Attorney General, *James A. Greene,* Assistant Attorney General, and *Virgil McClintic,* Prosecuting Attorney, for defendant.

For over 25 years plaintiff has conducted a drug store in the city of Mt. Pleasant. He is and has been a registered pharmacist. April 14, 1918, he made application to the dairy and food commissioner under sections 14 and 15 of Act No. 338 of the Public Acts of 1917 for a permit to sell liquors on prescription or application as provided by the act. Not hearing from the commissioner, on April 27th, he again wrote him with reference to the permit. No reply was received by him until May 15th when he received a letter saying the permit had been refused. On May 11th, upon a proper complaint to a justice of the peace a search warrant was issued and plaintiff's drug store was searched and certain liquors were there found. No question of regularity of these proceedings is involved. Thereupon two complaints for violating the provisions of the act were made against plaintiff and he was held for trial upon both of them. February 21, 1919, he was acquitted by a jury upon the trial of one of the charges and on March 17th the other case

against him was dismissed.  No new complaint has been made against him.  On March 8, 1919, plaintiff filed a petition in the circuit court for the county of Isabella praying that an order be entered for the return of the liquors seized on the search warrant.  This petition was not heard until July 22d when defendant made an order denying the prayer of the petition, basing such denial on the ground that to grant it would in effect violate sections 37 and 57 of the act in question.

FELLOWS, J. (*after stating the facts*).  While the petition for the return of the liquor was made before the order of dismissal of the second case had been formally entered, this was not the ground upon which defendant refused the order (see *Clapp* v. *Titus*, 138 Mich. 41), and when the order was made by defendant there was no criminal prosecution pending against plaintiff and had not been for over four months.  We recognize the rule contended for by defendant's counsel that the writ of mandamus is a discretionary writ, and we should not direct its issuance except there is a clear legal duty upon the part of defendant and a clear legal right in plaintiff to the discharge of that duty. *Auditor General* v. *Tuscola County Treasurer*, 73 Mich. 28; *Webster* v. *Newell*, 66 Mich. 503.  Was there a clear legal duty resting on defendant when he made the order of July 22d, and was there a clear legal right on the part of plaintiff to have that duty performed?  The answer involves the consideration of certain provisions of the act.  The question is a public one and should be disposed of on its merits.

The provisions of the act in question which are of importance are as follows:

"SEC. 29. When liquors, vessels, implements or furniture are seized as provided in the preceding section, the officer who made such seizure shall, upon his re-

turn upon the warrant, make a statement setting forth their seizure by him and their place of detention, and they shall be held by said officer subject to the order of the court. Upon final judgment of the court upon the complaint provided for in section twenty-six such intoxicating liquors shall be returned to their lawful owner in case of acquittal, or destroyed, according to the order of the court, in case of conviction. When liquors, vessels, implements or furniture shall have been seized by virtue of any warrant, said warrant shall not be held void, nor such liquors, vessels, implements or furniture returned to any person claiming the same by reason of an alleged insufficiency of the description in the complaint or warrant: *Provided*, That a new complaint or warrant shall be issued within twenty-four hours."

"SEC. 37. It shall be unlawful for any person to deliver or leave any intoxicating liquors at any place within this State except to those persons herein authorized to receive them."

"SEC. 57. No intoxicating liquors shall be sold, purchased, received or possessed for medicinal, mechanical, chemical, scientific or sacramental purposes except as in this act provided."

It is conceded that plaintiff purchased the liquor before the act in question took effect. He bought it when and where he had a lawful right so to do. He became its lawful owner. It was taken from his possession by the sheriff under a legal search warrant; under the provisions of section 29 the sheriff was commanded to hold it subject to the order of the court. In case of conviction, upon order of the court, it could be destroyed, upon acquittal it should be returned to the owner. While section 29 was re-written in Act No. 53, Pub. Acts 1919, so far as the question here presented, it was not materially changed.

It is a well recognized rule of statutory construction that effect should be given to all parts of the act if possible. If sections 37 and 57 stood alone there would

be much force to defendant's contention, but these sections, general in their character, cannot be given the force contended for unless we disregard the specific provisions found in section 29. Indeed these specific provisions for return of the liquor in case of acquittal have little or no place in the act if the contention of defendant prevails. If we construe these general provisions of sections 37 and 57 to be of general application and the specific provisions of section 29 to be of specific application where the liquor is seized on a search warrant, force and effect is given to all these provisions of the act, it is made workable, and the legislature has not done a meaningless thing. If sections 37 and 57 are held to declare the owner who has been acquitted of any violation of the law an unlawful owner and deprive him of the express provisions of section 29, then a portion, and that portion a portion of general provisions, supersedes the specific portions and the legislation becomes, at least in part, of no effect and meaningless, and the rule of statutory construction that all parts of the act are to be given force if possible inapplicable to cases of this character. Such a construction would impute to the legislature a want of understanding of plain rules of statutory construction. By the provisions of the act the sheriff can only destroy the liquor in case of conviction upon the order of the court. If the construction claimed by defendant is to obtain the sheriff who seizes liquor on a search warrant may not destroy the liquor in case of acquittal but has a right to the liquor superior to the man who bought it and paid for it when he had a lawful right so to do and who has been acquitted of any violation of the law. Such a construction is untenable.

The plaintiff should not be relegated to the action of replevin; the liquor was in the custody of the sheriff, an officer of the court, by the statute commanded

to hold it subject to the order of the court. When the prosecutions were ended and the people had failed to secure a conviction, and no new complaint was filed within 24 hours, it was the plain duty of defendant to order it returned to plaintiff. We do not determine the question of whether that duty should be discharged in the absence of a petition; obviously we would not by mandamus compel its discharge where it had not in some form been requested, but when defendant made the order of July 22d such duty did rest upon the court and the plaintiff had the clear right to its performance.

The writ will issue as prayed, but without costs.

MOORE, C. J., and STEERE, BROOKE, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.