QUANDT *v.* SCHWASS.

1. Municipal Corporations—Resolutions—Designation of One Justice of the Peace to Hear Ordinance Cases.

Resolution of village council, construed as authorizing justice of the peace named therein to hear ordinance cases to the exclusion of other justices in the township, being in direct conflict with the village charter, statute and Constitution which provide that any of the justices in the township shall try such cases, is void (Const. 1908, art. 7, § 15; 1 Comp. Laws 1929, § 1540; Allen Park village charter, chap. 5, § 16).

2. SAME—CONSTRUCTION OF RESOLUTIONS.
   Resolution, passed by village council, which is susceptible to two
   constructions, one legal and one illegal, will not be construed
   as legal if such interpretation goes beyond the limits of rea-
   sonableness to preserve validity.

3. SAME—LIMITATION OF JURISDICTION OF JUSTICES OF THE PEACE.
   Resolution, construed as attempting to direct village attorney to
   prosecute ordinance cases before a designated justice of the
   peace, would be an indirect attempt to limit the jurisdiction of
   the other justices of the peace of the township in contravention
   of the Constitution, statutes and village charter (Const. 1908,
   art. 7, § 15; 1 Comp. Laws 1929, § 1540; Allen Park village
   charter, chap. 5, § 16).

4. APPEAL AND ERROR—FINDING OF COURT—RECORD.
   Finding of trial judge that resolution should be construed as
   directing village attorney to try ordinance cases before a
   designated justice of the peace *held*, unsupported under record
   failing to show existence of a village attorney or any direc-
   tions given to him and resolution itself merely provides for
   ratification of appointment by the president of a named justice
   of the peace to hear village ordinance cases.

5. MANDAMUS—PROOF REQUIRED.
   In action of mandamus the necessity of proof is not dispensed
   with.

6. CERTIORARI—QUESTIONS REVIEWABLE.
   On certiorari from denial of writ of mandamus by circuit court,
   the Supreme Court must determine the case upon facts dis-
   closed at the hearing in the circuit court and not upon new
   facts first brought into the case on the application for leave
   to appeal.

7. MANDAMUS—WRIT OF GRACE.
   The writ of mandamus is one of grace and not of right and will
   be granted only where the duty that is sought to be enforced
   is clear and positive.

8. SAME—WRIT NOT ISSUED TO COMPEL DOING OF A USELESS THING.
   The writ of mandamus will not issue to compel the doing of a
   vain and useless thing.

9. SAME—REPEAL OF VOID RESOLUTION OF VILLAGE COUNCIL.
   Since repeal of resolution ratifying appointment of a certain
   justice of the peace to hear village ordinance cases would

neither add to nor detract from rights of the petitioner for writ of mandamus, another justice of the same township, because such resolution is nugatory, mandamus was properly refused by trial court.

10. COSTS—PUBLIC MATTER.
  No costs are allowed on denial of writ of mandamus to compel common council of a village to repeal a void resolution, a public matter being involved.

Appeal from Wayne; Miller (Guy A.), J. Submitted October 4, 1938. (Calendar No. 39,934.) Decided November 10, 1938.

Petition for mandamus by Elmer Quandt to compel Frederick L. Schwass, president, and Frank X. Champagne, George Fairall, Lambert Pfeiffer, Charles H. Pretty, O. Dale Reynolds and Stanley Roulo, councilmen of Allen Park, to repeal a resolution. Writ denied. Plaintiff reviews by appeal in the nature of certiorari. Affirmed.

*Roy A. McGinty,* for plaintiff.

*Arthur P. Zirkaloso,* for defendants.

BUSHNELL, J. On June 22, 1937, the six members of the common council of the village of Allen Park, township of Ecorse, Wayne county, divided three to three on the following resolution:

"Resolved that: The appointment by the president of John L. Riopelle as justice of the peace, to hear village ordinance cases, be and the same hereby is ratified."

The president of the village cast the deciding affirmative vote.

Petitioner, Elmer Quandt, a justice of the peace of Ecorse township, applied to the circuit court for a

writ of mandamus to compel the village council to repeal the resolution, asserting that it conflicted with the provisions of the village charter and the Constitution and statutes of the State of Michigan, and was, therefore, invalid. The trial judge concluded that the resolution amounted to a direction to the village attorney to bring ordinance cases before a designated justice of the peace, saying:

"So interpreted, I have no doubt of its validity. The village officers certainly have a right to designate the court in which prosecutions shall be brought. Such a designation does not deprive a justice of his office. Its only effect is to cause certain classes of case to be grouped and brought before a certain justice. Convenience might easily justify such a procedure."

Petitioner's application for mandamus was denied and we granted leave to appeal in the nature of a writ of certiorari.

The charter of the village of Allen Park, chap. 5, § 16, reads as follows:

"Prosecution for violation of the ordinances shall be commenced within two years after the commission of the offense, and shall be brought within the township of Ecorse. Any justice of the peace of the township of Ecorse shall have the authority to hear, try and determine all causes and suits arising under the ordinances of the village, and to inflict punishment for violations thereof as provided in the ordinances."

This provision is in accordance with Const. 1908, art. 7, § 15, and 1 Comp. Laws 1929, § 1540 (Stat. Ann. § 5.1276), which reads as follows:

"Prosecutions for violation of the ordinances shall be commenced within two years after the commission of the offense, and shall be brought within

the village, or in the township in which the village, or some part thereof, is located. Any justice of the peace of the village or of the township in which the village or some part of it, is situated, shall have the authority to hear, try and determine all causes and suits arising under the ordinances of the village, and to inflict punishment for violations thereof as provided in the ordinances.''

If the resolution is to be read as a technical appointment of a justice of the peace, it is void because the council had no authority to make such appointment. If, on the other hand, the resolution is to be interpreted to mean that Justice Riopelle is authorized to hear ordinance cases together with other justices of the peace in the township, the resolution is of no avail since such authorization already existed under the Constitution and statute. To give the resolution any effect whatever, it must necessarily be read to authorize Justice Riopelle to hear ordinance cases to the exclusion of other township justices and, so read, it is in direct conflict with the charter and the statute which provide that any of the township justices shall try such cases. Under such reading, the resolution is bad. See *Vason* v. *Augusta*, 38 Ga. 542.

The trial judge seems to have been persuaded by the fact that, if the resolution is open to two constructions, one legal and the other illegal, the former will, if possible, be adopted, notwithstanding it is not the most obvious or natural construction. (See 2 McQuillin, Municipal Corporations (2d Ed.), pp. 897, 898, and *People, ex rel. Dwight,* v. *Railways Co.,* 270 Ill. 278, 293 [110 N. E. 394]), and that the court should liberally interpret the resolution to be a direction to the village attorney to bring prosecutions before one justice of the peace rather than another.

We think this holding on the part of the trial judge goes beyond the limits of reasonable interpretation to preserve validity. The resolution on its face is an appointment of a justice of the peace to try cases and cannot be read as a direction to the village attorney to prosecute cases in a certain way. The language of the resolution must be given some meaning. If read as a direction to the village attorney, it is an indirect attempt to limit the jurisdiction of the other justices of the peace of the township in contravention of the Constitution and statute. As this is prohibited, we should not allow the same to be accomplished by indirection.

It is also questionable whether the finding of the trial judge is supported by the record. There is nothing in the petition, nor is there any proof of the existence of a village attorney or any directions given to him. That the action is in mandamus does not dispense with the necessity of proof. See *Cronin* v. *Kalkaska County Supervisors*, 58 Mich. 448, and *People, ex rel. McCarthy,* v. *Monroe Circuit Judge*, 36 Mich. 274. We must determine the case upon the facts disclosed at the hearing in the circuit court and not upon new facts first brought into the case on the application for leave to appeal. *People, ex rel. McCarthy,* v. *Monroe Circuit Judge, supra.*

However, there is no reason to disturb the denial of the application for the writ of mandamus as the petitioner has not presented facts sufficient to entitle him to the relief sought. It is well settled that the writ of mandamus is one of grace and not of right and will be granted only where the duty that is sought to be enforced is clear and positive. *Toan* v. *McGinn*, 271 Mich. 28. See, also, *Taylor* v. *Isabella Circuit Judge*, 209 Mich. 97.

The writ of mandamus will not issue to compel the doing of a vain and useless thing. In *People, ex rel.*

*Amperse,* v. *Wayne Circuit Judge,* 14 Mich. 33, mandamus was refused when sought against a circuit judge to require him to enter an order that was unnecessary for the protection of the rights of the petitioner. In *Clute* v. *Ionia Circuit Judge,* 139 Mich. 337, mandamus was denied where the petitioner sought to compel the trial judge to set aside an order quashing the information because there was no showing that any different result would have been reached if the order to quash had been set aside and another trial had.

In the instant case the resolution of the common council was a clear violation of the Constitution of the State, the statute and the charter of the village, and is, therefore, nugatory.

"The charter of the city * * * is the fundamental law thereof, and all ordinances of the city which are in conflict therewith, or violative of its mandates, are null and void, upon the same principle that a statute which contravenes the Constitution must fall." *Asphalt & Granitoid Construction Co.* v. *Hauessler,* 201 Mo. 400, 407 (100 S. W. 14).

See, also, *Slaughter* v. *People,* 2 Doug. (Mich.) 334; *People* v. *Armstrong,* 73 Mich. 288 (2 L. R. A. 721, 16 Am. St. Rep. 578); *L. A. Thompson Scenic R. Co.* v. *McCabe,* 211 Mich. 133.

The repeal of a void resolution would neither add to nor detract from the rights of the petitioner. The action of the trial judge in refusing the writ was correct and the order denying petitioner's application for writ of mandamus is affirmed, but without costs, this being a public matter. It is so ordered.

WIEST, C. J., and SHARPE, POTTER, CHANDLER, NORTH, and MCALLISTER, JJ., concurred. BUTZEL, J., not did sit.