HOME INSULATION CO. *v.* STATE BOARD OF TAX
ADMINISTRATION.

1. MANDAMUS—WHEN WRIT WILL LIE.

   The writ of mandamus lies only to enforce performance of a
   clear legal right or ministerial duty.

2. SAME—SALES TAXES—CANCELLATION OF ASSESSMENT—STATUTORY
REMEDY.

   Mandamus will not lie to compel return of taxes alleged to have
   been illegally assessed under the general sales tax act and to
   compel cancellation of a deficiency assessment thereunder
   where State board of tax administration has not determined
   amount due plaintiff pursuant to procedure defined in the
   statute, providing the board acts speedily (Act No. 167, §§ 12,
   22, Pub. Acts 1933).

3. TAXATION—STATE BOARD OF TAX ADMINISTRATION—LEVY FOR
DEFICIENCY.

   It is the duty of the State board of tax administration to act
   speedily upon a taxpayer's claim filed with it relative to a
   levy for deficiency in order that, if aggrieved, he may there-
   after pursue his remedy at law as provided by statute (Act
   No. 167, § 22, Pub. Acts 1933).

4. COSTS—TAXATION—MANDAMUS—PUBLIC QUESTION.

   No costs are allowed in taxpayer's mandamus proceeding to com-
   pel State board of tax administration to determine amount
   claimed to be due from plaintiff or refund taxes theretofore
   paid and cancel deficiency assessment, a public question being
   involved (Act No. 167, § 22, Pub. Acts 1933).

Petition for mandamus by Home Insulation Com-
pany of Michigan, a corporation, to compel State
Board of Tax Administration to cancel a deficiency
assessment and refund taxes paid, or alternatively
to compel defendant to decide the questions involved

in plaintiff's claim.   Submitted July 15, 1941.
(Calendar No. 41,585.)   Writ withheld conditionally
September 2, 1941.

*Percy M. Lovett,* for plaintiff.

*Herbert J. Rushton,* Attorney General, *Edmund
E. Shepherd,* Solicitor General, *T. Carl Holbrook*
and *Daniel J. O'Hara,* Assistants Attorney General,
for defendant.

CHANDLER, J.   The plaintiff herein is a Michigan
corporation with its principal office and place of
business in the city of Detroit, and during the years
1933 to 1938, inclusive, was engaged in the business
of insulating homes and buildings with rock wool.
The allegations in its petition for a writ of manda-
mus charge that all of its jobs were taken on a con-
tract price, which included labor, materials and
profits, and that the work was done in connection
with new and old buildings, and that its material
was purchased through the Johns-Manville Company
office at Cleveland, Ohio, and was shipped interstate
from Waukegan, Illinois, and Alexandria, Indiana,
to Detroit.

It further sets forth in its petition that it has in-
voluntarily paid to the State of Michigan sales taxes
of upwards of $7,000 and that an assessment has
been illegally made against it for upwards of $1,200
more, its claim being that it paid these taxes under
threats of the representatives of the State board of
tax administration that a warrant would be issued
against it under section 12 of Act No. 167, Pub. Acts
1933 (Comp. Laws Supp. 1940, § 3663-12, Stat. Ann.
§ 7.533), and that the company's business and assets
would be sold to cover said tax.

The petitioner further alleges that it demanded
a hearing from the State board of tax administra-

tion on its claim for a refund of the amount paid by it, and for a cancellation of the assessment above referred to; that a hearing was had on August 1, 1939, before an assistant attorney general representing said board; that testimony was taken and that the representative of the board did not dispute plaintiff's claims, but stated that the matter would have to be decided in the Supreme Court. Plaintiff further claims that since the decision of this court in the case of *Acorn Iron Works, Inc.,* v. *State Board of Tax Administration,* 295 Mich. 143, on October 7, 1940, it has through its attorney made several demands in writing that the State board of tax administration pass upon plaintiff's claim and make a refund of the amounts illegally collected, and cancel the deficiency assessment, and that neither plaintiff nor its attorney has received any reply to said demands.

Plaintiff, upon the facts set forth in its petition, prays for a writ of mandamus from this court directed to the defendants, individually, and collectively as the State board of tax administration, commanding them to cancel the alleged deficiency assessment made against plaintiff and make a refund to plaintiff of the amount of upwards of $7,000, together with interest, or in the alternative directing the said respondents to forthwith decide the questions involved in plaintiff's claim heretofore filed with them.

The respondent admits that the plaintiff is entitled to a prompt hearing and a speedy decision by said board of its claim and announces that this the respondent is willing to grant, but denies that the plaintiff is entitled to a mandamus against it for the refund of taxes paid, or for the cancellation of assessments made.

We do not think it is necessary to go any further into details in connection with the facts.

We find that the question before us for determination is whether mandamus is the appropriate remedy to compel respondents to cancel the sales tax deficiency assessments, and to compel the refund of taxes paid over a period of several years, where the taxpayer, claiming to be immune from said taxes, paid same in error or under threats by the board, or, do the provisions of the general sales tax act, Act No. 167, Pub. Acts 1933, as amended, afford an adequate remedy?

Section 22 of the act above referred to (Comp. Laws Supp. 1940, § 3663-22, Stat. Ann. § 7.543), is as follows:

"If the board after examining the return of any taxpayer determines that the taxpayer is indebted to the State by reason of deficiency of the remittance accompanying such return, the board shall give such taxpayer notice of the intention to levy such deficiency. Such taxpayer may, if he so desires and serves notice thereof upon the board within twenty days, demand a hearing on the question of the levy of such deficiency. Thereupon the board shall set a time and place for hearing and shall give the taxpayer reasonable notice thereof.

"The taxpayer shall be entitled to appear before the board and be represented by counsel and present testimony and argument. After the hearing the board shall render its decision in writing and, by order, levy any deficiency found by it to be due and payable.

"If any taxpayer is aggrieved by any decision of the board, he shall be required to pay the amount of taxes, interest and/or penalties found due by the board and shall be permitted to bring an action in the circuit court in the county in which the business for the privilege of doing which the tax is levied is carried on, to recover the amount of the taxes

alleged to have been unlawfully levied upon him. Such action shall be conducted in accordance with the statutes and rules of procedure concerning actions at law.

"In the event any taxpayer is found entitled to recover any sums paid pursuant to the orders of the board as hereinbefore provided, such sums shall be paid from the general fund of the State on order of the board and warrant of the auditor general.

"No injunction shall issue to stay proceedings for assessment or collection of any taxes levied under this act."

This plain and unambiguous language gives to an aggrieved taxpayer an adequate remedy at law in the county in which he is conducting his business, providing the State board of tax administration denies him the relief to which he believes he is legally entitled. The writ of mandamus lies only to enforce performance of a clear legal right or ministerial duty. When plaintiff's right to refund of taxes illegally collected is established by action of the proper board or tribunal, then the writ will lie to compel payment.

The State of Michigan, by legislative action, has waived immunity from suit for taxes illegally collected by its State board of tax administration by the act hereinbefore referred to, and in so doing named the forum in which an action for the recovery of sales taxes illegally received may be recovered and the cancellation of illegal assessments compelled.

We hold, therefore, that mandamus is not an appropriate remedy in this instance, and that plaintiff must pursue the method provided by statute for the recovery of taxes paid to which the State is not entitled. However, we hold that it is the duty of the State board of tax administration, respondent herein, to act speedily upon plaintiff's claim heretofore filed with it so that plaintiff may pursue his statutory

remedy in case he is aggrieved by the decision of the board.

The respondents having announced their willingness to give to plaintiff a speedy hearing and determination on its claim, we withhold the granting of a writ of mandamus in the alternative, as prayed for by plaintiff, for a 30-day period.

A public question being involved, no costs will be allowed.

SHARPE, C. J., and BUSHNELL, BOYLES, NORTH, STARR, WIEST, and BUTZEL, JJ., concurred.