DETROIT ATHLETIC CLUB *v.* LIQUOR CONTROL
COMMISSION.*

1. INTOXICATING LIQUOR—CLUBS—DISCOUNT FROM SALE PRICE.

    Since a club is entitled to sell alcoholic liquor for consumption
on the premises, it is entitled to statutory discount of 15 per
cent. from sale price thereof established by the liquor control
commission, as well as commercial establishments licensed to
sell at retail for consumption on the premises, notwithstanding fact that clubs may sell only to bona fide members who
have attained the age of 21 years (Act No. 8, §§ 2, 16, 24,
subds. 2, 3, Pub. Acts 1933 [Ex. Sess.], as amended by Act
No. 281, Pub. Acts 1937).

2. COSTS—PUBLIC QUESTION.

    No costs are allowed in mandamus proceeding involving a construction of the statute regulating the sale of alcoholic liquors,
a public question being involved (Act No. 8, Pub. Acts 1933
[Ex. Sess.], as amended).

CHANDLER, C. J., and BUSHNELL, J., dissenting.

Mandamus by Detroit Athletic Club, a Michigan
corporation, to compel the Liquor Control Commission to grant a discount on the sale of liquor. Submitted October 6, 1942. (Calendar No. 42,095.)
Writ granted November 25, 1942.

*David H. Crowley* and *George A. Kelly* (*Walter E.
Kelly,* of counsel), for petitioner.

---

    * On September 25, 1941, previous to the commencement of this ·
proceeding, Herbert J. Rushton, Attorney General, had rendered
a written opinion holding that clubs licensed by the liquor control
commission were entitled to the statutory discount of 15 per cent.—
REPORTER.

*Charles P. Van Note,* Special Counsel, for defendant.

BOYLES, J.   Plaintiff was granted leave to file petition for peremptory writ .of mandamus to compel the liquor control commission to allow the petitioner 15 per cent. discount on purchases of alcoholic liquors from the commission.   Order to show cause was issued, and the cause submitted on record and briefs.

Plaintiff is a Michigan corporation, properly licensed to sell certain alcoholic liquors for consumption on the premises, under the provisions of the liquor control act (Act No. 8, Pub. Acts 1933 [Ex. Sess.], as last amended by Act No. 281, Pub. Acts 1937 [Comp. Laws Supp. 1940, § 9209–16 *et seq.,* Stat. Ann. 1942 Cum. Supp. § 18.971 *et seq.*]). Plaintiff's order for certain alcoholic liquors was accepted by the commission but plaintiff's demand for 15 per cent. discount was denied.

The question for decision is whether plaintiff is entitled to the 15 per cent. discount on purchases of liquor made by it from the liquor control commission:   The applicable provisions of the liquor control act (Section 16 [Comp. Laws. Supp. 1940, § 9209–31, Stat. Ann. 1942 Cum. Supp. § 18.987]) are as follows:

"On the sale of alcoholic liquors made by State liquor stores to specially designated distributors, there shall be allowed a discount of ten per cent. deducted from the sale price as established by the commission, and to establishments licensed to sell for consumption on the premises there shall be allowed a discount of fifteen per cent., deducted from the sale price as established by the commission."

Plaintiff does not claim to be a "specially designated" distributor, and the only question is whether

it is an establishment "licensed to sell for consumption on the premises." If so, it is entitled to the 15 per cent. discount.

It is conceded that plaintiff is a club, properly licensed as defined in section 2 of the liquor control act as amended by Act No. 281, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 9209–17, Stat. Ann. 1942 Cum. Supp. § 18.972).

It is also conceded that plaintiff has the right to sell certain classes of intoxicating liquor for consumption on the premises, under the following provisions of the act (Section 24 [Comp. Laws Supp. 1940, § 9209–39, Stat. Ann. 1942 Cum. Supp. § 18.995]):

"The following classes of vendors shall have the right to sell the several alcoholic liquors as provided for in this section: * * *

"3. Clubs wherein beer, wine and spirits may be sold for consumption on the premises only to bona fide members, who have attained the age of twenty-one years."

The commission argues that clubs, under the above-quoted section 24, subd. 3, are not entitled to the discount and that it was intended by the legislature to allow the discount only to commercial establishments licensed under section 24, subd. 2, which reads as follows:

"2. Class 'C' license wherein beer, wine and spirits may be sold for consumption on the premises."

The limitation on sale of alcoholic liquor under section 24, subdivision 3, "only to bona fide members, who have attained the age of twenty-one years," limits but does not change the plain effect of the words "sold for consumption on the premises only." Liquor is just as plainly sold for consumption on the premises under section 24, subd. 3, as

under section 24, subd. 2. The only difference is that under subdivision 3 it can be sold only to bona fide members of the club who have attained the age of 21 years. Both classes, subdivision 2 and subdivision 3, come squarely within the 15 per cent. discount allowed under section 16 to "establishments licensed to sell for consumption on the premises."

If necessary, the writ may issue. No costs awarded, a public question being involved.

NORTH, STARR, WIEST, BUTZEL, and SHARPE, JJ., concurred with BOYLES, J.

BUSHNELL, J. (*dissenting*). I am unable to agree with the conclusion reached by Mr. Justice BOYLES. The commission has taken the position that notwithstanding an opinion rendered by the attorney general, Act No. 8, § 16, Pub. Acts 1933 (Ex. Sess.), as amended (Comp. Laws Supp. 1940, § 9209-31, Stat. Ann. 1942 Cum. Supp. § 18.987), does not allow a discount of 15 per cent. on liquor sold to private clubs for resale to its members.

The court said in *Home Insulation Co.* v. *State Board of Tax Administration,* 298 Mich. 657:

"The writ of mandamus lies only to enforce performance of a clear legal right or ministerial duty."

And in *Quandt* v. *Schwass,* 286 Mich. 433, 438:

"It is well settled that the writ of mandamus is one of grace and not of right and will be granted only where the duty that is sought to be enforced is clear and positive." Citing *Toan* v. *McGinn,* 271 Mich. 28, and *Taylor* v. *Isabella Circuit Judge,* 209 Mich. 97.

Section 16 provides that "establishments" shall be allowed a discount of 15 per cent. This section

does not say "clubs" and I am unwilling to extend the meaning of the word "establishments" to include nonprofit organizations operating solely for the benefit and comfort of their own members and thereby permit this selected group of individuals to purchase their liquors at a discount price which the general public cannot share. I cannot say that the legislature clearly and positively intended to include such private clubs in the term "establishments" as used in section 16. The writ should be denied.

CHANDLER, C. J., concurred with BUSHNELL, J.