STATE HIGHWAY COMMISSIONER *v.*
OTTAWA CIRCUIT JUDGE.

1. MANDAMUS—DEMAND FOR PERFORMANCE OF DUTY.

A prerequisite to mandamus is a showing that there was a proper request or demand by relator for the performance of a duty sought to be enforced and a direct refusal thereof.

2. SAME—WRIT OF GRACE.

The writ of mandamus is one of grace and not of right and will be granted only where the duty that is sought to be enforced is clear and positive.

3. SAME—USELESS THINGS.

A writ of mandamus will not be issued to compel the doing of a useless thing.

4. SAME—MOOT QUESTION.

Mandamus should be denied if the question sought to be reviewed is moot and the granting of the writ would serve no purpose.

5. SAME—INJUNCTION—POSSESSION OF CONDEMNED PREMISES.

Mandamus will not be issued on the State highway commissioner's request to set aside a restraining order and temporary injunction which had been issued against him in order to maintain the *status quo* as to property sought in condemnation proceedings, where he had not sought vacation of such order and now merely wants to acquire possession of the property whose value has been judicially determined, as he may obtain possession by paying the compensation fixed.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 34 Am Jur, Mandamus § 80.
[2] 34 Am Jur, Mandamus §§ 36, 40.
[3, 4] 34 Am Jur, Mandamus §§ 37, 38.
[5] 35 Am Jur, Mandamus §§ 258, 285 *et seq.*
[7] 18 Am Jur, Eminent Domain § 319.
[8] 18 Am Jur, Eminent Domain §§ 304 *et seq.*, 374.
[9] 14 Am Jur, Costs § 91.

6. Eminent Domain—Effort to Purchase.

There must be a bona fide effort to purchase as a condition precedent to condemnation, such effort being mandatory and jurisdictional and not subject to waiver or estoppel.

7. Same—Effort to Purchase—Adjudication of Value.

Whether or not there was a bona fide effort to purchase property before condemnation thereof was made is not determined, where such "effort to purchase" has been supplanted by a final adjudication of value.

8. Same—Possession—Payment of Compensation.

Possession of private property condemned for public use may be obtained immediately, where there has been a judicial determination of the necessity for the taking and of the compensation to be paid therefor by paying such compensation and obtaining immediate surrender of the premises.

9. Costs—Public Question—Mandamus—Injunction.

No costs are allowed in mandamus proceeding by State highway commissioner against a circuit judge to compel him to vacate a temporary injunction, where a public question is involved.

Original petition by Charles M. Ziegler, State Highway Commissioner, for a writ of mandamus to compel William B. Brown, Kent Circuit Judge acting in Ottawa county, to vacate order granting temporary injunction in respect to lands sought to be taken for highway purposes. Albert P. Kleis, Russell Kleis, and others, copartners doing business as Holland Rendering Works, intervene. Submitted January 5, 1954. (Calender No. 45,941.) Writ denied April 5, 1954.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Victor H. Meier,* Assistant Attorney General, for plaintiff.

*Warner, Norcross & Judd (George S. Norcross* and *Harold S. Sawyer,* of counsel), for defendant and intervening defendants.

Kelly, J. Plaintiff Charles M. Ziegler, State highway commissioner, decided that premises of the Holland Rendering Works were required in order to build a by-pass around the city of Holland, as a part of the construction of highway US–31. A purchase price could not be agreed upon. Under PA 1925, No 352, as amended (CL 1948, § 213.171 *et seq.* [Stat Ann § 8.171 *et seq.*]), the commissioner on September 19, 1952, made a determination of necessity, and estimated damages at $35,000. On September 26, 1952, a notice and demand for possession was made, together with a tender of the estimated damages; said amount being deposited with the State treasurer after Holland Rendering Works refused to accept same.

The Ottawa county circuit court appointed 3 commissioners, who determined, and reported to the court, that $80,220.10 was just compensation for the property. Plaintiff filed objections to this report. On June 8, 1953, a hearing was held before Hon. Raymond L. Smith, circuit judge for Ottawa county.

The attorney general on July 1, 1953, notified the Holland Rendering Works that it was illegally withholding possession of the property and that it should cease operations and remove its personal property within 48 hours. On July 6, 1953, the Holland Rendering Works filed its bill of complaint, praying for an injunction. A temporary injunction was issued by Hon. William B. Brown, circuit judge, acting in the absence of Hon. Raymond L. Smith.

On July 14, 1953, Hon. Raymond L. Smith, having returned, rendered his opinion and order confirming the award of the commissioners.

On July 17th plaintiff filed his petition for a writ of mandamus in this Court. This Court ordered Judge Brown to show cause why a peremptory writ of mandamus should not be issued compelling said circuit judge to enter an order vacating the restrain-

ing order and quashing the temporary injunction, and said order was complied with.

In his brief in opposition, the circuit judge asks this Court to pass on this question:

"Where an *ex parte* temporary injunction has issued and the party enjoined has not sought an opportunity to be heard thereon nor moved the circuit court to vacate the same, is direct review by mandamus in this Court available?"  .

In the case of *Lapham* v. *Oakland Circuit Judge,* 170 Mich 564, this Court reviewed cases where mandamus had been denied "because no application was made to the circuit judge to vacate the order which it is now sought to compel him to vacate." The Court then said (p 568):

"It was therefore held that before mandamus would lie, proper practice required that an application to vacate should be made directly to, and refused by, the court which made the order complained of. This rule is based on the underlying principle that a prerequisite to mandamus is a showing that there was a proper request or demand by relator for the performance of a duty sought to be enforced and a direct refusal thereof."

In the case of *Bennett* v. *Kalamazoo Circuit Judge,* 181 Mich 700, this Court stated that after an examination of all cases, both civil and criminal, no case had been found "where the person seeking the vacation of an order was granted a writ of mandamus, where the record shows that no motion to vacate the order was made and counsel insisted upon the objection."

In *Wackenhut* v. *Washtenaw Circuit Judge,* 218 Mich 655, this Court said (p 659):

"Defendant further contends with citation of sustaining decisions by this Court that plaintiff's application for mandamus cannot be entertained because

he did not first apply to the trial court to set aside its order denying dismissal. Unfortunately for the contention, that rule of practice and the decisions sustaining it had been relegated to the 'good but obsolete' discard, since passage of the judicature act which provides (CL 1915, § 13438) :*

" 'In all cases where any order or determination of any court or judge shall be reviewable in mandamus proceedings, if such order or determination was made after hearing counsel in opposition thereto, it shall not be necessary to make a motion for the vacation of such order or determination before instituting mandamus proceedings to review the same.' "

The above case met the requirements of the judicature act because the order complained of was made after hearing arguments of both counsel. The instant case does not meet these requirements as is set forth in defendant's answer:

"Paragraph 27 is denied, this defendant alleging that the temporary injunction issued by him has the effect of merely preserving the *status quo* until the court has an opportunity to hear proofs and determine the issues presented. This defendant further alleges that he has been continuously available since the issuance of the injunction referred to and the circuit judge of Ottawa county has been likewise available to hear and pass upon such objections to the issuance of the temporary injunction as the plaintiff might care to present. This defendant alleges, however, that at no time since the issuance of such injunction has the plaintiff sought in any manner to present for consideration of the circuit court any of the objections which he might have to the issuance or maintenance of said temporary injunction, and has in fact refrained from appearing in the proceeding. This defendant and the circuit judge for the county of Ottawa have, therefore, never been accorded the right to hear the plaintiff's objections

---

* CL 1948, § 636.2 (Stat Ann § 27.2229).

to the issuance of the aforesaid temporary injunction and to pass upon the merits of such objections."

Defendant further alleges:

"that at all times after the issuance of such order he and/or the circuit judge for the county of Ottawa have been continuously available and would have entertained and considered a motion by the plaintiff to quash the temporary injunction and would have made a prompt disposition of such motion if the plaintiff had elected to present himself before the court and advise the court as to his contentions."

The above averments of the defendant were not disputed.

This Court has repeatedly held that the writ of mandamus is one of grace and not of right, and will be granted only where the duty that is sought to be enforced is clear and positive. See *Quandt* v. *Schwass,* 286 Mich 433; *Toan* v. *McGinn,* 271 Mich 28; *Taylor* v. *Isabella Circuit Judge,* 209 Mich 97.

Further, we have refused to issue a writ of mandamus to compel the doing of a useless thing. See *People, ex rel. Amperse,* v. *Wayne Circuit Judge,* 14 Mich 33; *Clute* v. *Ionia Circuit Judge,* 139 Mich 337.

This Court has held that if the question is moot and the granting of a writ of mandamus would serve no purpose, then mandamus should be denied. *McCarthy* v. *Wayne Circuit Judge,* 294 Mich 368.

The record discloses that at the time plaintiff filed his petition for mandamus on July 17, 1953, the value placed on the property 10 months previously by the 3 commissioners and the circuit court had been more than doubled. Since the filing of the petition the plaintiff has twice applied to this Court for leave to appeal for the purpose of reversing the findings of the commissioners and the circuit court, and on both occasions plaintiff's request has been denied.

Plaintiff in his petition states:

"Plaintiff further charges that the order, issued illegally and unlawfully, withholds rightful possession from the plaintiff; that it is urgent that possession be acquired by the plaintiff."

The plaintiff does not need a writ of mandamus against the circuit judge to acquire possession of the property in question. All he has to do, if he has not already done so, is to pay the judicially-determined compensation to the owner, Holland Rendering Works.

This Court has held that there must be a bona fide effort to purchase as a precedent to condemnation and that such an effort is mandatory and jurisdictional and not subject to waiver or estoppel. *In re Petition of Rogers*, 243 Mich 517; *Allen* v. *Rogers*, 246 Mich 501.

Defendant contends there was not compliance with this requirement, and, according to the record, considerable confusion exists because of plaintiff's agent's testimony supporting defendant's contention. It is not necessary to pass upon this question inasmuch as the "effort to purchase" has been supplanted by a final judicial adjudication of value.

Article 13, § 1, Michigan Constitution (1908), provides:

"Private property shall not be taken by the public nor by any corporation for public use, without the necessity therefor being first determined and just compensation therefor being first made or secured in such manner as shall be prescribed by law."

The spirit of this section of the Constitution calls for the payment of the judicially-determined compensation and immediate surrender of the premises.

Plaintiff's petition for a writ of mandamus is denied.  No costs, a public question being involved.

Butzel, C. J., and Carr, Bushnell, Sharpe, Boyles, and Reid, JJ., concurred.

Dethmers, J., did not sit.